## MUTUAL SETTLEMENT AGREEMENT AND RELEASE

This MUTUAL SETTLEMENT AGREEMENT AND RELEASE ("Agreement"), entered into on this 24th day of February, 2005, sets forth the terms of the agreement that has been reached between Orbit Testing Incorporated ("Orbit") and Reorganized Debtor Fansteel, Inc. ("Fansteel") regarding the various claims asserted by Fansteel against Orbit (collectively the "Fansteel Claims"). The terms of this Agreement are effective as of the date that this Agreement is executed by the Parties below (the "Execution Date"). Fansteel and Orbit are collectively referred to as "the Parties."

WHEREAS, Fansteel and certain of its subsidiaries (collectively "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code on January 15, 2002 (the "Petition Date");

WHEREAS, on September 18, 2003, the Debtors filed their Amended Joint Reorganization Plan (as subsequently modified, or supplemented);

WHEREAS, on November 17, 2003, at the hearing to consider confirmation of the Plan, the Court entered an order confirming the Plan (Docket No. 1622);

WHEREAS, on December 19, 2003, the Debtors filed their Emergency Motion for an Order Pursuant to 11 U.S.C. § 1127(b) Seeking Modification of the Debtors' Amended Joint Reorganization Plan together with the Debtors' proposed Second Amended Joint Plan of Reorganization dated as of December 18, 2003 (the "Amended Plan");

WHEREAS, on December 23, 2003, the Court entered an order (the "Confirmation Order") confirming the Amended Plan and adopting all of the Court's previous findings of fact and conclusions of law set forth in the earlier confirmation order.

WHEREAS, pursuant to the Amended Plan and Confirmation Order, Fansteel and Reorganized Wellman Dynamics Corp. were revested with all of the Debtors' assets not otherwise disposed of under the terms of the Amended Plan, including the right to enforce, sue on, settle or compromise all litigation claims, including the Fansteel Claims that are the subject of this Agreement;

WHEREAS, Fansteel has asserted the Fansteel Claims against Orbit in that adversary proceeding captioned *Fansteel, Inc. v. Orbit Testing Incorporated*, bearing case no. 04-51088 (the "Adversary Proceeding"), and on June 24, 2004, an order was signed withdrawing the reference from the Bankruptcy Court to the District Court, District of Delaware. The District Court has designated the Adversary Proceeding with Civil Action No. 04-539 (JJF).;

WHEREAS, Orbit has not claims, either filed or scheduled, in the Debtors' bankruptcy case.

WHEREAS, the Parties desire to resolve the disputes regarding the Fansteel Claims;

NOW THEREFORE, in consideration of the foregoing recitals, each of which are true and which are incorporated into and made an integral part of this Agreement, Fansteel and Orbit do hereby agree as follows:

1.   Payment. Orbit agrees to pay to Fansteel a total amount of Fifteen Thousand Dollars (US $15,000.00) (the "Payment"). The Payment shall be made by certified check payable and delivered to:

> Fansteel Inc.
> Attn: Sue Worden
> One Tantalun Place
> North Chicago, IL 60064

The date upon which Fansteel's bank confirms clearance of the Payment check shall be the "Effective Date."

2. <u>Waiver of Claim Rights</u>. Orbit hereby waives its right to receive distributions on and claims it may have, including, but not limited to (1) waiving its right to any claim, scheduled or filed (including proof of claim number 579 in the amount of 15,085.05 and later reclassified from priority to general unsecured (the "Orbit Claim")) and distributions thereon; and (2) waiving its right to assert a claim cognizable under 11 U.S.C. § 502(h) and receive distributions thereon.

3. <u>Dismissal of Litigation</u>. After the Effective Date, the Plan Administrator shall file a Notice of Dismissal pursuant to Fed.R.Civ.P. 41 of the Adversary Proceeding with the District Court. Each party will bear its own costs relating to the Adversary Proceeding, including attorneys' fees.

4. <u>Release of Fansteel</u>. Except as for the obligations contained in this Agreement, Orbit hereby releases and forever discharges Fansteel and the Fansteel bankruptcy estate and their predecessors, successors, assigns, representatives and present and former employees, officers, directors, agents and attorneys from any and all claims, whether known or unknown, that they have or may have against Fansteel and/or the Fansteel bankruptcy estate as of the Effective Date, including but not limited to the Orbit Claim, whether or not arising from or relating to the Fansteel Claims or otherwise.

5. <u>Release of Orbit</u>. Except for the obligations contained in this Agreement, Fansteel, on behalf of itself, the Fansteel bankruptcy estate and together with its successors, assigns and representatives, hereby releases and forever discharges Orbit, their present and former employees, officers, directors, agents and attorneys (in their capacities as representatives of Orbit) from any and all claims and causes of action, of any nature or type, whether known or

unknown, that Fansteel has or may have against Orbit as of the Effective Date, whether or not arising out of the Fansteel Claims.

6. <u>Applicable Law</u>. This Agreement shall be governed by the internal laws of the State of Delaware, and shall be construed and interpreted in accordance with its laws, notwithstanding its conflict of laws, principles or any other rule, regulation or principle that would result in the application of any other state's law.

7. <u>Warranties</u>. Each of Fansteel and Orbit warrants that it is the sole and current owner of the claims released by this agreement and that it is authorized to enter into this Agreement. Each individual signing this Agreement on behalf of any party represents and warrants that he/she has full authority to do so. Each party agrees to indemnify the other from any loss or expense (including, without limitation, attorneys fees) that may be incurred as a result of any breach of this warranty.

8. <u>Parties Bound</u>. The Parties acknowledge that each and every covenant, warranty, release and agreement contained herein shall inure to the benefit of, and be binding upon, the agents, subsidiaries, employees, officers, directors, assigns, and successors in interest (including any third party purchasers) of the Parties, including but not limited to Fansteel, the Fansteel bankruptcy estate, any Chapter 11 or Chapter 7 Trustee or Examiner heretofore or hereafter appointed, and further including any other trustee or statutory committee heretofore or hereinafter appointed.

9. <u>Entirety of Agreement</u>. The Parties acknowledge that this Agreement constitutes the entire agreement between the Parties with respect to the subject matter hereof, and all prior agreements, negotiations and understandings with respect to the subject matter hereof are canceled and superseded by this Agreement. The Parties agree that this Agreement may not be

4

varied in its terms by an oral agreement or representation or otherwise, except by an instrument in writing of subsequent date hereof executed by all of the Parties.

10. <u>No Admission of Liability.</u> Orbit denies liability for any claims that Fansteel has asserted against Orbit, and Fansteel denies liability for any claims that Orbit has asserted against Fansteel. This Agreement is a compromise of disputed claims and shall never be construed as an admission of liability or responsibility for any purpose by any party.

11. <u>Confidentiality.</u> Each of Fansteel and Orbit agrees to keep confidential and not disclose (and shall use its best efforts to cause its officers, directors, employees and agents to keep confidential and not disclose) any of the terms of this Agreement or the negotiations leading up to the execution of this Agreement, except as required by law, by any court, the Amended Plan, administrative or legislative body or by any regulator, or except as such terms are provided by Fansteel and Orbit in the ordinary course of business on a confidential basis to their attorneys, accountants, consultants, lenders, insurers or others in privity of contract to the extent necessary for such parties to fulfill their responsibilities.

12. <u>Severability.</u> Should any provision of this Agreement be held by any court of competent jurisdiction to be illegal, invalid or unenforceable for any reason, then the remaining portions of this Agreement will nonetheless remain in full force and effect, unless such portion of the Agreement is so material that its deletion would violate the obvious purpose and intent of the Parties.

13. <u>Construction.</u> Each Party represents and warrants that it has had an opportunity to fully review the provisions of this Agreement with attorneys of its own choice as a result of which the Parties hereto acknowledge and agree (a) that any rule of law that provides that ambiguities are to be construed against the drafting party shall not be employed in the

interpretation of this Agreement and (b) that each Party signing this Agreement is entering into this Agreement knowingly, voluntarily, and of its own free will.

14. <u>No Waiver</u>. The Parties agree that no breach of any provision hereof can be waived except in writing. The waiver of a breach of any provision hereof shall not be deemed a waiver of any other breach of any provision hereof.

15. <u>Indemnification</u>. The Parties agree to indemnify the other for any and all costs incurred as a result of any breach of any representation, warranty or covenant set forth in this Agreement, including, without limitation, court costs and reasonable attorneys' fees.

16. <u>Execution</u>. The Parties agree that this Agreement may be executed in one or more counterparts, any one of which need not contain the signatures of more than one party, but all such counterparts taken together shall constitute one and the same Agreement. Facsimile and electronically transmitted signatures shall be deemed to have the same effect as original signatures.

17. <u>Approval</u>. This Agreement is subject to the approval of the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") in Fansteel's pending chapter 11 case, either pursuant to the terms of the Order Authorizing and Approving Omnibus Procedures for Settling Certain Claims and Causes of Action Brought by Reorganized Debtors in a Judicial, Administrative, Arbitral or Other Action or Proceeding entered May 3, 2004 (the "Procedures Order") or other order of the Court. If this Agreement is not so approved, then (a) this Agreement shall be null and void and of no effect; (b) any payment made by Orbit will be promptly returned to it; (c) nothing contained herein shall be deemed to be an admission, waiver or concession of, or be in any way binding upon, any party hereto in connection with any future

6

litigation over the matters referenced herein, including but not limited to the Fansteel Claims, the Claim Objection, and any defenses or counterclaims thereto.

18. <u>Retention of Jurisdiction</u>. The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from or related to this Agreement. Orbit consents to the jurisdiction of the Bankruptcy Court to resolve any disputes or controversies between the Parties hereto arising from or related to this Agreement. Any motion or application brought before the Bankruptcy Court to resolve a dispute arising from or related to this Agreement shall be brought on proper notice in accordance with relevant Federal Rules of Bankruptcy Procedure and Local Rules of the Bankruptcy Court.

Dated: 2-16-05, 2005

**AGREED TO BY:**

**ORBIT TESTING INCORPORATED**

By: _____
Its: V.P.

Dated: 2/24/05, 2005

**FANSTEEL, INC.**
**Reorganized Debtor**

By: _____
Its: Vice President

27311-002\DOCS_LA:135716.1